E. J. GURLEY v. FITZHUGH WARD.

To secure payment of a debt of eight hundred dollars L. delivered to W. a note on other parties for a larger amount, payable to bearer. Afterwards, W. sent the note to L., to be placed by the latter in an attorney's hands, to be collected for the mutual benefit of W. and L. Attorneys were retained by L., but he was killed before he delivered them the

note ; and it being found on his body, his widow obtained possession of it and delivered it to the attorneys, and they collected it from the makers. No administration was had upon L.'s estate. W. brought suit against the attorneys for the proceeds collected by them, and made the widow and heirs of L. also parties defendant, but subsequently dismissed as to them, and proceeded to trial against the attorneys, who demurred generally to the plaintiff's petition. *Held*, that the case is determinable by the principles announced in Robertson *v.* Paul, 16 Texas, 472. The relation between L. and W. was that of pledgor and pledgee, and the latter should have caused administration on L.'s estate, and have authenticated his claim and presented it for allowance—in default of which, and after the dismissal of the suit as against L.'s heirs, the defendant's demurrer should have been sustained. And it seems that L.'s estate being insolvent, his funeral expenses, and other claims of the first and the second class, were in any case entitled to priority over W.'s lien on the note.

ERROR from McLennan. Tried below before the Hon. A. J. Evans.

The opinion and the head-notes state the case.

A motion for a rehearing was made and ably urged by counsel for the defendant in error, and elicited the second opinion.

*W. M. Walton,* and *S. H. Renick,* for the plaintiff in error.

*John A. Green, Thomas Harrison,* and *John C. West* for the defendant in error.

WALKER, J. Ward had an account for about eight hundred dollars against Long. To secure the payment of the account Long gave him a note of eighteen hundred dollars, as collateral. Ward sent the note to Long, with the understanding that Long was to place it in the hands of attorneys, to be collected for the mutual benefit of Ward and Long. A few moments after Long received the note from Roberts, he was killed, and after death the note was found on his body. Mrs. Long afterwards gave the note to Blocker & Gurley for collection.

This note was simply pledged or mortgaged to Ward, to secure the payment of his eight hundred dollars, store bill; and after the death of Long the parties stood in the relation of pledgor and pledgee, and this refers the decision of the case to that of Robertson's Administrator *v.* Paul, 16 Texas, 472. The case of Lockett and Lockett *v.* Townsend and Moore, 3 Texas, 119, was a case *inter vivos*, and therefore totally inapplicable to the case at bar.

In the former case the doctrine is settled, and justly so, that Ward's rights in the note were subject and subordinate to the funeral expenses, expenses of last sickness, expenses of administration, the allowance to the widow and children, expenses incurred in the preservation, safe-keeping, and management of Long's estate.

Ward should have caused administration on the estate of Long, and presented his claim, like any other, for allowance.

After the widow and heirs of Long were dismissed from the suit, the demurrer should have been sustained.

The judgment of the District Court is reversed and the cause dismissed.

WALKER, J. We have carefully examined this case. The facts are very peculiar, and the law of the case might be easily mistaken. We have compared our former opinion with that delivered in the late case of Dwight *v.* Overton, and do not find them inconsistent with each other; nor are we able to arrive at any different conclusion from that heretofore announced in this case.

We therefore affirm our former opinion.

Reversed and dismissed.