### E. B. SMITH ET AL. V. C. G. ELLIS.

Decided April 27, 1905.

**1.—Judgment Lien—Foreclosure on Machinery and Realty.**

Where a mortgagee of sugar mill machinery obtained a judgment for his debt with foreclosure of his lien on the machinery and also on a tract of land on which it had been placed, and having recorded an abstract of the judgment in another county where the land lay, sought a foreclosure of the judgment lien on the entire property, it was error for the court to decree him such a foreclosure as to the land where it was not shown that the machinery was so attached to the realty as to have become a part thereof, and it appeared that, prior to the mortgage foreclosure, the land had been conveyed without fraud to a corporation not made a party to that suit.

**2.—Deed to Corporation—Agreement for Reconveyance.**

Where a deed made to a corporation reserved to the grantor the right to reacquire the land at its fair market value in the event the corporation became insolvent and ceased operation, such right was enforceable upon the happening of the contingency and could be asserted against creditors of the corporation seeking to enforce a judgment lien against the land.

**3.—Foreclosure of Lien—Attorney Fees—Interest.**

Where in an action to enforce a judgment lien against land and mill machinery thereon the holder of vendor's lien notes given by the judgment debtor for the land intervened and sought a foreclosure of his prior vendor's lien, he was entitled to recover interest and attorney fees stipulated in the notes, with foreclosure therefor as well as for the principal.

**4.—Mortgage Foreclosure—Rentals—Depreciation From Use.**

Where the parties contemplated that the mortgagor of mill machinery should continue to use it for the purposes for which it was adapted without regard to the existence of the mortgage, the mortgagee can not in foreclosure recover the rental value of the machinery, nor damages for depreciation in its value caused by its ordinary and proper use.

Appeal from the District Court of Harris. Tried below before Hon. Wm. P. Hamblen.

*Hutcheson, Campbell & Hutcheson* and *S. A. McCall,* for appellants.

*Eugene Williams,* for appellee.

The briefs of counsel in this case failed to reach the hands of the reporter.

PLEASANTS, ASSOCIATE JUSTICE.—Appellee brought this suit against E. B. Smith, the San Jacinto Sugar Refining Company, A. F. Delbert, M. A. Piedra and the Lone Star Sugar Company. The last named company was sued both as a corporation and as a partnership composed of A. F. Delbert and M. A. Piedra, the latter being only sued as a member of said partnership.

The plaintiff's amended petition, upon which the case was tried in the court below, alleged in substance: That the Lone Star Sugar Company and Delbert and Piedra, on or about June —, 1898, for a valuable consideration, executed and delivered to plaintiff four promissory notes for the sum of $3,285.94 each, payable in one, two, three and four years respectively, with interest from date at the rate of eight percent per annum, and containing a stipulation for the payment of an additional ten percent as attorney's fees, if placed in the hands of an attorney for collection. That said notes were given for the purchase money of certain machinery which had been sold by plaintiff to said defendants, and that, by the terms of the contract of sale, plaintiff held a lien upon said machinery to secure the payment of the notes. That on or about April 27, 1898, said defendants executed and delivered to plaintiff a promissory note for the sum of $331.25, with interest at the rate of eight percent per annum, and providing for the payment of ten percent attorney's fees, if placed in the hands of an attorney for collection. That this note was given for the purchase money of other machinery and of certain sugar wagons sold by plaintiff to said defendants, and that, by the terms of said sale, plaintiff had a lien on the property to secure said note. The property upon which the lien to secure the five notes above mentioned is claimed was sufficiently described in the petition, and the failure of said defendants to pay the notes, or any part thereof, was alleged.

It is then alleged that in June, 1898, plaintiff sold and delivered to said defendants two boilers for the sum of $833.34 each, and said defendants agreed and promised, upon the delivery of the boilers, to execute and deliver to plaintiff two promissory notes, each for the sum of $833.34, with interest from date at eight percent, and with the usual provision for ten percent attorney's fees, and secured by a lien upon said boilers; that, after the boilers were delivered to said defendants, they delivered them to their codefendants, E. B. Smith and the San Jacinto Sugar Refining Company, and failed and refused to execute and deliver their notes for the purchase price thereof or to pay any part of same.

It is alleged that all of the defendants had actual and constructive notice of plaintiff's liens upon the property to secure the payment of said notes and amounts before mentioned at the time said liens were created, and have, for a valuable consideration, ratified and confirmed same; that on or about June 9, 1900, the defendants Delbert and San Jacinto Sugar Refining Company attached all of said property to a tract of twelve acres of land, then the property of Delbert, and which is now his property, unless it belongs to plaintiff by purchase under a foreclosure sale, the facts in regard to which will be hereafter stated. After describing the twelve acres of land, it is alleged that on January 26, 1900, it was the property of defendant Smith, and on that date Smith, for a valuable consideration, agreed to sell same to Delbert as a site for the location and operation of the machinery before mentioned; that under said agreement the machinery was moved by Delbert from its location in Brazoria County to said twelve acres of land situated in Liberty County, and Delbert in good faith made valuable improvements on said land; that he erected a sugar house and other buildings, constructed the foundations for said machinery, and made other improvements adapted to the purpose for which said plant was constructed, and thereby the title to said land became vested in him; that all of the defendants cooperated together in attaching all of said property and machinery to the land, and so connected same with other machinery attached to said land as to constitute a complete sugar-making plant; that all of said machinery is so attached to the realty that no part of it can be removed without injuring the freehold, and that the intent of the defendant in so placing said machinery in said plant was that it should become a part of the freehold.

It is then alleged that, on the 5th day of December, 1902, plaintiff secured a judgment in the District Court of Harris County against Delbert and Piedra and the Lone Star Sugar Company for $20,237.02, the amount due upon the five notes before mentioned, and foreclosing plaintiff's asserted lien upon all of the property above mentioned, including the land and all improvements thereon; that an order of sale was issued upon said judgment, and that at the sale thereunder, on March 3, 1903, plaintiff became the purchaser of all of said property for the sum of $1,000, which amount was credited on his said judgment. It is further alleged that an abstract of said judgment was duly recorded in Liberty County on June 2, 1902. In addition to the foregoing, there are in the petition general allegations attacking the instrument under which the claims of defendants Smith and the San

Jacinto Sugar Refining Company are asserted, for want of consideration, and on the ground that said defendants had full knowledge of plaintiff's claim at the time said instruments were procured.

The conversion of the personal property by the defendants is also charged, and recovery is sought for its value, with six percent interest from the date of the conversion. The prayer of the petition is as follows: "(1) That title to all said property be declared vested in him under said execution sale of March 3, 1903, and the same be so vested, and that a writ of possession issue. (2) That he be declared entitled to possession of all said property under said agreements, and the same be so vested, and that writ of possession issue. (3) And, should the above relief be refused, that all the liens hereinbefore described in plaintiff's favor, and said judgment lien, be foreclosed on all of said property to pay said indebtedness and said judgment, and the same be decreed superior to the rights of all the defendants therein. (4) That a personal judgment be rendered against said Smith and said San Jacinto Company for the value of all of said personal property hereinbefore alleged to have been converted by them to their own use and benefit, which may be shown to have been so converted, with interest at six percent per annum from April 27, 1903, until paid, and that such recovery be decreed to plaintiff as the owner of the said property, or as the holder of said liens, as the court may determine, and, in the latter case, such recovery not to exceed the amount of said indebtedness so found by the court to have been a lien on said property at the date of such conversion. (5) That the rights of the plaintiff in the said property as owner, and, if not, as lienholder, be declared superior to any and all rights of the defendants thereto, and all written instruments to defendants Smith and San Jacinto Company, or in their favor, and their records hereinbefore referred to, be canceled so far as plaintiff's rights are concerned. (6) That all the rights of all parties hereto be fully and fairly protected by a proper decree herein, and that all proper process herein issue, and especially such as will place plaintiff, as the owner or purchaser of said property at foreclosure sale, in possession of said property, for costs, and general and special relief."

The defendant E. B. Smith answered by general demurrer, and three special exceptions, two addressed to the insufficiency of the petition, wherein it sought a recovery as for conversion, and the other to insufficiency in description of property on which plaintiff asserted his claims. Said defendant pleaded a general denial, two and four years limitation in favor of the San Jacinto Sugar Refining Company, to whom the property claimed by plaintiff, under his alleged liens, had been conveyed more than two and more than four years before the beginning of this suit, and alleged that he had a right to interpose said pleas of limitation on behalf of said San Jacinto Sugar Refining Company by reason of the liens he held against it. And he further alleged that said company was not liable for a conversion of any of said property, because the plaintiff, in the year 1898, sold and conveyed the same to the Lone Star Sugar Refining Company, Limited, a partnership composed of A. F. Delbert and M. A. Piedra, and that Piedra conveyed his interest to Delbert, and Delbert, on June 12, 1900, for a valuable consideration, sold the same to said San Jacinto Sugar Refining Company,

and that on June 13, 1900, said company executed a mortgage on all of its property to the defendant Smith for a valuable consideration, and that the same was duly filed as a chattel mortgage and real estate mortgage, and recorded in the deed of trust records of San Jacinto County, and in the chattel mortgage records of said county, on June 15, 1900. Said defendant further pleaded that he was not bound by the judgment and sale set up by the plaintiff, because he was not a party to the suit, and said San Jacinto Sugar Refining Company was not bound for the same reason, and the said defendant Smith specially denies conversion of said property, and denied that he had ever had possession of the said property in his individual capacity.

This defendant also filed a cross-bill and plea in reconvention against the plaintiff and the defendant the San Jacinto Sugar Refining Company, alleging the assumption by it of a note for $4,000, executed by Delbert in his favor, and secured by a lien upon all said property, and the execution by said company of two notes in his favor for $4,000 and $33,361.41 respectively, and of a mortgage upon all of said property to secure the payment of said notes. He further alleged that no part of the purchase-money notes for said twelve acres of land, amounting to $360, had been paid, and that, by the terms of the contract of sale, the title to said land had reverted to him, or that he had the right to a rescission of the sale if he so desired; that, if the plaintiff had any liens upon, or interest in the property in controversy, they were subordinate to the rights of said defendant, and said defendant prayed judgment against the San Jacinto Sugar Refining Company and A. F. Delbert, jointly and severally, on said $4,000 note, with interest and attorney's fees, and against the San Jacinto Sugar Refining Company on its two notes for $33,361.41 and $4,864.68, respectively, with interest and attorney's fees, and for foreclosure of his said liens, and that they be adjudged superior to the claims of the plaintiff, and sale of the property in satisfaction of such judgment; and he prayed for a rescission of the sale by him of the said twelve acres to the San Jacinto Sugar Refining Company, and, if not entitled to that relief, for judgment on his purchase-money notes, with interest and attorney's fees, and for foreclosure of the vendor's lien; and he also prayed that, in the event he was not entitled to the other relief, the said land be appraised at its present market value, and the same decreed to him at that value, and that such value be credited on his debt due from the said company, and he prayed for general relief, the last mentioned special relief being asked in preference to foreclosure.

The defendant San Jacinto Sugar Refining Company answered by general demurrer, special exceptions, general denial, and plea of two and four years statutes of limitation, substantially the same as above set out as to the answer of E. B. Smith. The said defendant, in paragraph two of its answer, specially enumerated certain parts or pieces of machinery which had been attached by it to the machinery upon which the plaintiff claimed a lien, and alleged that such attachment was necessary to put said machinery in condition for use, and that the plaintiff had no right to or lien upon same, if he had a lien on any of said property; that the said property which was brought from Brazoria County was in a very dilapidated condition, and the additions were necessary

to make it usable at all, and that the same can be detached and separated from said machinery without injury to it. Said defendant answered that part of the plaintiff's petition setting up judgment and sale by alleging that it was not a party to said judgment, and was in no way bound thereby, and denied liability for conversion, setting up facts to show want of liability, and alleged that the said twelve acres of land was deeded to it with the full knowledge and consent of Delbert, and that the purchase price is wholly unpaid, and further alleged that the machinery claimed by the plaintiff as having been sold by him and lien reserved, can be removed without injury to the machinery or the land, and alleged that, if the plaintiff sold the said machinery to Delbert and Piedra, it was at the time personal property, and he did not reserve or acquire any lien thereon in any manner authorized by law, and alleged that the said defendant had acquired the said property in good faith and for a valuable consideration, and without notice of the plaintiff's claims.

The Lone Star Sugar Company and A. F. Delbert answered by general demurrer, general denial, and alleged that only $2,706.47 was advanced on account of said $4,000 note, and that there was a failure of consideration as to the balance, and that the $360 for the purchase price of said land is a just charge, and alleged that the San Jacinto Refining Company is primarily liable for said amounts, and said defendants are liable, as sureties, by reason of assumption of said debts by said company, and asked for judgment over against the San Jacinto Company, and that said amounts be made a first lien on the said property, and they pray for general relief.

Plaintiff filed a supplemental petition, in which it is alleged that the San Jacinto Sugar Refining Company was organized and incorporated by Smith and Delbert for the fraudulent purpose of enabling the former to so manipulate the business of the sugar plant, and to create fictitious indebtedness to him, by foreclosure of which he might secure possession of all of the property of said plant; that said Smith owns or controls the greater portion of the stock of said corporation, and that the sugar plant has been held and operated by him for his own use and benefit through the said corporation as his figure-head and agent, and that the advances made, and expenses incurred, as set out in defendant's answer, were made and incurred for his own use and benefit, and are not proper charges against said corporation. That if said charges were proper charges against the corporation they are more than offset by the rental value of the use of the plant by Smith.

The cause was tried in the court below without the intervention of a jury, and judgment was rendered in favor of plaintiff, establishing and foreclosing his alleged lien upon all of the property, including the twelve acres of land, for the sum of $20,859.27, with eight percent interest from the date of the judgment, that being the amount due upon the four notes for $3,285.94 each, executed by the Lone Star Company and Delbert and Piedra in favor of plaintiff. This lien was adjudged subordinate to the lien of the defendant Smith for the $360 purchase money of the twelve acres of land. It was further adjudged that defendant Smith recover of the San Jacinto Company $2,706.47, being the balance due on the note for $4,000 executed by Delbert in his favor,

and assumed by said company, and the further sums of $4,864.68 and $33,361.41, being the amounts due upon the two notes executed by said company in favor of said defendant, and that the lien to secure said sums be established and foreclosed upon all of the property, subordinate, however, to the liens of plaintiff and the lien for the purchase money of the land. It was further adjudged that all other issues in the case raised by the pleadings were adjudicated adversely to the party asserting same.

From this judgment the defendants Smith and San Jacinto Sugar Refining Company prosecute this appeal.

The material facts on the issues discussed in this opinion are as follows: In 1898 appellee Ellis sold to the Lone Star Sugar Company the following described machinery: "One complete sugar mill, with gearing and engine complete, and all fittings and pipings appertaining thereto, 3 front rollers 4½ by 28, and 2 back rollers 31 by 4½, mill engine, one complete vacuum pan, 7½ diameter, with all pumps and pipes complete, two filter presses with tanks and pumps, seventy-five sugar wagons, and two Western centrifugals, four clarifiers, 1,000 gallons each, and blower and engine."

In payment of the purchase money for this machinery said company, by its president, M. A. Piedra, and A. F. Delbert, its secretary, executed its four promissory notes for the sum of $3,285.94 each, payable to Ellis in one, two, three and four years respectively, with interest from date of the note at eight percent per annum. These notes recite that they are given for the purchase money for the machinery, and that the title to same is to remain in Ellis until the notes are paid. It does not appear from the record whether the Lone Star Company was a corporation or a partnership, but Delbert's authority to act for that company is not questioned, and his transactions with both plaintiff and the defendants are treated by all parties as binding upon said company. After this machinery was purchased Delbert removed it from its then location in Louisiana to Brazoria County, in this State, where he placed it with other machinery in a sugar plant which he constructed on what is known as the Willow Glen plantation in said county. This plant was greatly injured by an overflow of the Brazos River in 1899, and Ellis and Delbert determined that it ought to be removed to a better location. Appellant Smith, who owns a sugar farm in Liberty County, met Delbert and Ellis in Houston in January, 1900, and it was there agreed between them that the Willow Glen plant should be moved to his farm. The agreement, in substance, was that Smith would sell Delbert twelve acres of land for the location of the plant at $30 per acre, said land to be subsequently selected and designated, and would furnish Delbert with as much as $8,000 to pay the expense of moving the plant from Willow Glen and installing it upon his farm. After the plant was installed Delbert was to execute a mortgage upon the entire plant to secure the payment of the advances made by Smith. It was also agreed that Smith was to be repaid the amounts advanced by him before Ellis's notes were paid, but this preference seems only to have extended to the profits of the plant, and it was not intended that Smith's lien on the property covered by Ellis's mortgage should be superior to that mortgage.

Smith agreed to cultivate his farm in sugar cane, and to sell the crop as it was gathered to the sugar mill at a price per ton eighty times as much as the market price per pound of sugar on the day the cane should be delivered. It was further agreed that, if the plant was sold, Smith should have preference as a purchaser, and in event it should be removed the land should revert to Smith upon his refunding the amount of the purchase money paid him. This contract was made on January 26, 1900. Shortly thereafter the plant was removed from Brazoria County and placed on a tract of twelve acres on Smith's farm selected by him and Delbert. Smith advanced all of the money used in removing the plant and installing it on his farm. After it was placed on his farm Delbert, in accordance with his original contract, executed a mortgage upon the entire plant to secure Smith for the sums advanced by him.

In the spring of 1902, after the plant had been installed on Smith's farm, the San Jacinto Sugar Refining Company was organized and chartered. Delbert was president of this company and owned the larger portion of the stock, all of the remainder, except an inconsiderable amount, was owned by Smith. On June 12, 1902, Delbert conveyed all of the personal property of the plant to the San Jacinto Company, and Smith, with the consent and approval of Delbert, conveyed to it the twelve acres of land which he had agreed to sell to Delbert. This deed recites a consideration of $360, to be paid in three instalments of $120 each, for which notes were executed by the grantee, and a vendor's lien is expressly retained to secure the payment of said notes. It also contains the following recital: "This deed is executed by the grantor and accepted by the grantee with the distinct understanding and agreement that the property hereinbefore mentioned is conveyed to the grantee for the purpose of erecting and operating thereon a sugar refinery, with all necessary appurtenances and appliances, and if, at any time, the grantee shall become insolvent, so that the running and operating of said sugar refinery by grantee shall cease and the said business shall be discontinued, then the grantor shall have the right to reacquire and purchase the property herein conveyed at its fair and reasonable market value."

On June 13 the San Jacinto Company executed a mortgage upon all of the property to secure Smith in the payment of a note for $4,000, executed by Delbert, the payment of which was assumed by the San Jacinto Company when the property was sold to it by Delbert, and such additional sums as might be advanced by Smith to the company for the equipment and operation of said plant. On the same date Delbert executed an instrument transferring his stock in the company to Smith, as security for the payment of the amount due him under the original contract between them, and authorizing Smith to vote said stock at all stockholders' meetings.

The San Jacinto Company operated the plant for four years, and during that time incurred an additional indebtedness to Smith, over and above the $8,000 advanced by him under the original contract with Delbert, amounting to $33,361.41. No payments were ever made to appellees or to Smith on any of the notes or indebtedness due them by Delbert or the San Jacinto Company.

In 1902 Ellis brought suit in the District Court of Harris County against all of the defendants herein to recover upon the notes declared on in this suit, and to foreclose an asserted lien upon all the property involved in this suit. Appellants Smith and the San Jacinto Company filed pleas of privilege in that suit, which were sustained, and the suit dismissed as to them. The cause then proceeded to trial and resulted in judgment in favor of plaintiff against the remaining defendants for the sum of $22,260.72, and foreclosure of plaintiff's asserted lien upon all of the property, including the twelve acres of land. An order of sale was issued on this judgment, and at the sale thereunder, in March, 1903, appellee became the purchaser of all the property. After the judgment had been credited with the amount of appellee's bid an abstract thereof was obtained by appellee and duly recorded in the proper records of Liberty County. All of the machinery sold by appellee to Delbert, and upon which he retained a lien, can be detached from the plant without injury to said machinery or to the freehold.

The first assignment of error urged by both appellants is as follows: "The court erred in entering judgment in favor of plaintiff and declaring a first mortgage lien on the property described in the said judgment, because the said judgment so entered in favor of plaintiff is not warranted by and responsive to the pleadings, and is contrary to and wholly unsupported by the evidence. Plaintiff only claimed a lien upon the machinery described in the four notes sued upon, and the uncontradicted evidence was that, as against these appellants, he had no other claim of lien."

This assignment must be sustained. Conceding that the petition alleges a lien upon all of the property to secure all of the indebtedness claimed by plaintiff, such lien is only claimed by virtue of the record of an abstract of the judgment recovered by plaintiff in the District Court of Harris County against the Lone Star Company and Delbert and Piedra, and the alleged facts that the twelve acres of land was, at the time said abstract was recorded, the property of Delbert, and that the machinery used in said sugar plant was so attached to the realty as to have become a part thereof. There is no evidence to sustain this theory of the case, and the trial court must have so held, otherwise judgment would have been rendered in favor of plaintiff for the title and possession of the property under his prayer for that relief, it being undisputed that, at the foreclosure sale under the judgment against the Lone Star Company and Delbert, plaintiff became the purchaser of all the property. If the land was at that time owned by Delbert, and all of the machinery used in the plant was a part of the realty, plaintiff became the owner of all of the property by his purchase at said sale. This was one of the claims asserted by him which the trial court expressly adjudged against him. If the judgment should not be so construed, there is, as before stated, no evidence to sustain a finding that the land was owned by Delbert at the time plaintiff recovered the judgment against him, or at any time thereafter. If Delbert acquired an equitable title to the land under his original agreement with Smith, his subsequent agreement, made upon a valuable consideration, that Smith should convey the land to the San Jacinto Company, placed the title in that company long prior to the time plaintiff recovered his judg-

ment against him.  There is no evidence that this conveyance was made for the purpose of defrauding plaintiff or any of Delbert's creditors, and the judgment can not be sustained on that theory.

The appellant Smith further assails the judgment of the court in that it denied him the right reserved in his deed to the San Jacinto Company to reacquire the twelve acres of land at its fair market value in event the company should become insolvent and cease the operation of the sugar plant.  The evidence shows that the San Jacinto Company is insolvent and the operation of the sugar plant has ceased, and, under the conditions expressed in Smith's deed to said company, before set out, he was entitled to a decree adjudging the land to him at its fair market value.

The judgment is also assailed because it does not allow Smith to recover the interest and attorney's fees due upon the notes given for the land.  This is manifest error.  If, upon another trial, he should elect to foreclose his vendor's lien, he should have judgment for the interest and attorney's fees, as well as the principal due upon the purchase-money notes, with foreclosure for that amount.  All of the evidence shows that the parties contemplated that the mortgagor of the machinery should continue to use it for the purposes for which it was adapted, without any regard to the existence of the mortgage.  Under this state of facts appellee would not be entitled to recover the rental value of the machinery, nor damages for depreciation in its value caused by its ordinary and proper use.

While, under the facts appearing in the record, we might render a judgment disposing of the claims of the several parties, we think that, upon some of the issues involved, the case may not have been fully developed, and therefore the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*