### WEEKS et al. v. GOLDSTEIN et al. (No. 1950.)

(Court of Civil Appeals of Texas. El Paso. Oct. 21, 1926. Rehearing Denied Nov. 11, 1926.)

1. **Vendor and purchaser ☞261(5)—Notes, secured by vendor's lien and deed of trust held by plaintiff's and intervener's decedents, held entitled to priority of lien over notes held by defendant's decedent.**

Where defendant's decedent purchased land, giving three notes with vendor's lien and deed of trust, which became property of plaintiff's decedent, and defendant's decedent conveyed land to another, who assumed payment of notes and executed additional notes in favor of defendant's decedent secured by vendor's lien on the land, and two of such additional notes were transferred to plaintiff's and intervener's decedents and made superior to remaining additional notes, *held*, that notes of plaintiff's and intervener's decedents were entitled to priority over notes held by defendant's decedent.

2. **Vendor and purchaser ☞258, 260(1)—Attorney's fees provided for in notes secured by vendor's lien held part of principal, and entitled to same priority.**

Attorney's fees provided for in notes secured by vendor's lien and deed of trust became part of principal, and entitled to same priority as to debt and lien evidenced by other notes.

3. **Courts ☞472(4)—Jurisdiction of district court; in suit between personal representatives on notes secured by vendor's lien, held to attach for all purposes, in view of controversy and lack of jurisdiction in county court.**

In suit between personal representatives on notes secured by vendor's lien and deed of trust, jurisdiction of district court attached for all purposes, where it was necessary to bring before court all parties at interest, and adjust their equities, and determine their respective legal rights, and county court was without power to do so.

Error from District Court, El Paso County; P. R. Price, Judge.

Suit by Fannie and A. H. Goldstein, independent executrix and executor, respectively, of the estate of L. H. Goldstein, deceased, and another, against John F. Weeks and C. W. Bickley, executors of the estate of N. Van Gass, deceased, and others. Judgment for plaintiffs, and the named defendants bring error. Affirmed.

Denton & McCune, of El Paso, for plaintiffs in error.

Jones, Hardie & Grambling, Goggin, Hunter & Brown, and Royall G. Smith, all of El Paso, for defendants in error.

HIGGINS, J. This case was disposed of in the court below without a jury. It is before this court without a statement of facts. The suit was brought in the district court by Fannie and A. H. Goldstein, independent executrix and executor, respectively, of the estate of L. H. Goldstein, deceased. A. H. Goldstein also joined as party plaintiff in his capacity as temporary administrator of the estate of Wm. Moeller, deceased.

The suit is against John F. Weeks and C. W. Bickley, executors of the estate of N. Van Gass, deceased, Palmyra C., R. Noel, and Chas. A. Longuemare, Wilhelmine Moeller, the surviving wife of Wm. Moeller, the heirs at law of Wm. Moeller, and others not necessary to mention,

The material facts disclosed by the pleadings are as follows:

Van Gass purchased certain land, giving three notes in part payment, which were secured by vendor's lien and deed of trust. L. H. Goldstein became the owner of the notes and lien. Van Gass conveyed the land to the Longuemares, who assumed the payment of the three notes mentioned and executed six additional notes in favor of Van Gass, secured by vendor's lien upon the land. Note No. 2 of this latter series was transferred to Wm. Moeller in the deed which Van Gass executed to the Longuemares; the transfer making the lien securing this note superior to the remaining five notes. Moeller had Van Gass to indorse the note to his wife. Note No. 3 of the Longuemare notes was transferred by Van Gass to L. H. Goldstein; the transfer making the lien securing the same superior to the remaining notes of the Longuemares.

The Goldsteins, in the capacity of executrix and executor of L. H. Goldstein, sued upon the four notes acquired by their testator as above shown. A. H. Goldstein, as administrator of Wm. Moeller, deceased, set up that the note acquired by his decedent belonged to the community estate of Wm. and Wilhelmine Moeller, but the latter was claiming same as her separate property. It was alleged that notes Nos. 1, 4, 5, and 6 of the Longuemare notes were owned by the Van Gass executors. Mrs. Moeller answered, setting up her rights, and claiming the Longuemare note No. 2 as her separate property. The issue between her and the administrator of her husband's estate was adjudged in her favor. This writ of error is prosecuted by the executors of Van Gass. The nature of the judgment rendered is sufficiently indicated by our ruling upon the questions pre-

sented. Plaintiffs in error filed no assignments of error in the court below. In this court they file a brief presenting three alleged fundamental errors. They cite no authority in support thereof.

[1] We fail to see the force of their first assignment when they assert the court erred in according priority of lien to the notes held by the estate of L. H. Goldstein and the note owned by Mrs. Moeller over the four Longuemare notes owned by plaintiff in error as the executors of Van Gass. The lien securing all of the Longuemare notes was patently subordinate to the lien of the three notes of Van Gass owned by L. H. Goldstein. There is nothing to suggest that this superiority of lien was lost. As to the Longuemare notes, 2 and 3, these became prior liens over notes 1, 4, 5, and 6 by virtue of Van Gass' contract to that effect in his transfer thereof. Lewis v. Ross, 95 Tex. 358, 67 S. W. 405.

[2] As to the attorney's fees provided for in the notes held by Goldstein and Mrs. Moeller, same became a part of the principal and secured by lien superior to the debt and lien evidenced by the Longuemare notes Nos. 1, 4, 5, and 6. Neese v. Riley, 77 Tex. 348, 14 S. W. 65; Garrett v. Bank, 79 Tex. 133, 15 S. W. 224; Smith v. Ellis, 39 Tex. Civ. App. 211, 87 S. W. 856.

[3] In so far as the estate of Van Gass was interested in the subject-matter of the litigation and the relief granted by the judgment to the defendants in error against said estate, the district court had jurisdiction because of the necessity of bringing before the court all parties at interest and adjusting their equities and determining their respective legal rights. This is clearly a case where the county court was without power to determine and fix the conflicting rights of the parties. The jurisdiction of the district court thus attached for all purposes, for which reason the third assignment presents no error. Stewart v. Webb (Tex. Civ. App.) 156 S. W. 537; Willis v. Grab (Tex. Civ. App.) 257 S. W. 664; George v. Ryon, 94 Tex. 317, 60 S. W. 427; Cameron v. McDaniel, 46 Tex. 303; Laurine v. Ashe, 109 Tex. 69, 191 S. W. 563, 196 S. W. 501.

Affirmed.