D. D. Atchison et al. v. W. R. Smith et al. Executors.

The District Court should not entertain jurisdiction of a plea in bar of a suit on notes given for lands of the estate sold by the executors, alleging that the defendants had acquired a debt against the estate larger than that sued on, and a lien on the lands for which the notes were given; that said lien had priority over the other debts of the estate; that it was indebted to but few persons and could be easily settled by bringing the parties in interest into the District Court.

The County Court is fully competent to adjudicate the rights of the parties.

In the cases decided by this court, and reviewed in the case of Smith v. Smith, 11 Tex. R., 105, the grounds on which the District Court asserted its original jurisdiction in matters pertaining to estates and cognizable in the County Court, were the equitable grounds of fraud, combination, &c.

Appeal from Galveston. Tried below before the Hon. Peter W. Gray.

This was a suit commenced by W. R. Smith, W. Alexander and Henry Austin, executors of the will of Henry Austin, deceased, on the 19th day of March, 1856, against D. D. Atchison and C. A. Bulkley on three promissory notes executed on the 7th day of March, 1854, to the plaintiffs as executors, amounting to $7685 40, payable twelve months after date, given for property purchased at a sale by said executors.

The defendants filed their answer, setting up as a defence that they are the owners by assignment, made to them in May, 1856, of a judgment against the deceased rendered in the District Court of Brazoria county, during his life time, in favor of R. J. Townes, administrator of the estate of Wm. Cato, deceased, on the 15th day of November, 1849, for the sum of $11,217 55, with 10 per cent. interest thereon. They alleged that the judgment had been duly allowed and approved, and is a valid subsisting claim against the estate, and was a lien on all the property of the deceased as a privileged claim. That the consideration of the notes sued on was the purchase by the defendants at said sale of certain tracts of land in Brazoria county, which were subject to the lien created by the judgment. They prayed that said judg-

ment be set off against the notes sued on, and judgment rendered for the balance in their favor against the estate, to be paid in due course of administration. The plaintiffs, amending their petition, alleged that there are a large number of judgments against the estate, and other creditors besides the defendants holding claims duly allowed and approved; that the estate is insolvent, and its settlement delayed by the non-payment of the notes sued on. By an amendment, the defendants filed an exhibit, showing the assets and liabilities of the estate, alleging that the claims against the estate are mostly represented by, and enure to the benefit of E. T. Austin; that the remaining creditors are the firm of Ward & Ingram and the defendants; that the judgment claimed by the defendants being a privileged claim, will absorb the assets; and they pray that said creditors be made parties to this suit, and that the court will, in virtue of its powers, make a full settlement of the estate, and adjust the priorities in favor of the several claimants. They offer also to pay into court any balance, if any, that may be decreed against them.

By way of replication to the cross action of the defendants, the plaintiffs demurred, and for special grounds among others set forth that the judgment was purchased by the defendants since the notes sued on became due, and since the institution of the suit. The plaintiffs also pleaded that the court had no jurisdiction of the subject matter of the defendant's answer. They also demurred to the amendment of the defendants, and filed a motion to strike out so much of the answer as set up the judgment as a defence.

The cause was submitted to the court, a jury being waived; judgment was rendered for the plaintiffs for the amount of the notes sued on with interest, and the defendant's claim dismissed without prejudice to their rights on a distribution of the estate in the County Court.

In this case, Joel Spencer intervened as a creditor and opposed the claim of the defendants, and the priority and privilege asserted by them for the judgment; setting up a judgment in his favor against the deceased for the sum of $575, with 10 per cent.

interest from its rendition on the 16th day of March, 1841, in said District Court of Brazoria county.

The court dismissed the claim of Spencer, who did not appeal from the decision.

*D. D. Atchison*, for the appellants.—On the question of juris-diction, cited 12 Tex. R., 148; Crain v. Crain, 17 Tex. R., 86; Purvis v. Sherrod, 12 Tex. R., 159; Smith v. Smith, 11 Tex. R., 102; Hall v. Hall, 11 Tex., 553; Guthrie v. Guthrie, 17 Tex. R., 542.

*J. B. & G. A. Jones*, also, for the appellants.

*P. C. Tucker*, for the appellees.

*W. P. Ballinger*, for the intervenor.

ROBERTS, J.—This was an action by appellees against appellants upon promissory notes given for property purchased at executor's sale.

Appellants filed a cross action and set off, setting forth that they had acquired, by assignment, a large debt due from the estate, which constituted a lien upon the lands of the estate that had been sold for the notes sued on; that this lien had priority over the other debts of the estate, and was for a greatly larger amount than the notes sued on, that the estate owed debts to but few persons, and the whole estate could be easily settled and distributed by bringing in the parties in interest in the District Court. Such were the leading facts of the answer, and sufficient of them are stated only for the purpose of showing the general feature of the defence.

The most important question arising upon this answer is, should the District Court entertain jurisdiction of the matters contained in it; and thereby prevent the collection of the money due to the estate on the notes?

In the case of Guthrie v. Guthrie, (17 Tex. R., 541,) it was determined that one of the heirs who had given a note to the ad-

ministrator could not be permitted to plead in bar of a suit on it, that his distributive share was more than the amount of the note, and that the administrator had plenty of funds in hand to satisfy all demands, &c. In delivering the opinion in that case, the chief justice said:

"The general rule in relation to debtors of an estate is, that to an action brought by an administrator, the defendant cannot plead in offset any demand against the estate accruing since the death of the deceased. To adjust such discounts would encroach on the province of the County Court, and lead to embarrassing investigations as to the assets and proper distribution of an estate."

It was admitted that there might be exceptions to this rule, and an instance is supposed in a case where a defendant was the sole creditor of an estate and indebted in a small amount. The same state of case is referred to as an exception, by Justice Lipscomb, in the case of Hall v. Hall. (11 Tex. R., 553.)

Still, no case has been decided establishing such exception.

The powers of the District Courts in the exercise of their original jurisdiction over probate matters have been discussed in several cases, which were collected and reviewed in the case of Smith v. Smith. (11 Tex. R., 105.) None of them contravene the principle in the case of Guthrie v. Guthrie, above cited.

If, then, an heir cannot resist a suit on the notes given to the administrator, why should a creditor be permitted to do it, under circumstances no more favorable? Whatever of difficulty or hardship there may be in such cases, is the result of a necessity to preserve the jurisdiction of the courts separate, as contemplated by our statutes. It is an inherent difficulty inseparable from a division of the judicial powers into several and distinct jurisdictions. If the precedent be established and followed, such as this case contemplates, almost every large estate will, upon some ground or other, be finally drawn into the District Court for settlement and distribution; and the County Court will be deprived of the exercise of its appropriate functions. Each debtor who is also a creditor in a larger amount, may claim the same equities and seek to transfer the settlement of the administration to the District Court in which he may be sued, in whatever county it

may be.   No reason is perceived in this case why the County Court is not fully competent to adjudicate the rights of the parties.

No grounds of equity have been alleged, such as fraud, combination, &c., which have induced the court to assert its original jurisdiction in the cases heretofore decided.   (See Smith v. Smith, above cited.)

We are, therefore, of opinion that the District Court should not have entertained jurisdiction of this defence.

The other questions in the case may be settled when necessary, by the proper tribunals.   For the present, it is only necessary to give an opinion on this one point.

Judgment affirmed.