## HAGGART v. RANGER.*

(*Circuit Court, N. D. Texas.* December, 1882.)

SALE UNDER DEED OF TRUST.

> The mere fact that a person who executed a deed of trust when sane, afterwards became of unsound mind, prior to and at the time the sale was made, under and according to such deed of trust, is no ground for setting aside such sale, no element of fraud being presented in the bill, and the inadequacy of the price realized not appearing to have resulted from any improper act of the trustee or of the *cestui que trust.*

In Equity.    On demurrer.

The bill in this case charges that on the twenty-eighth of December, 1874, the complainant executed and delivered to the defendant his promissory note for the sum of $3,522, due June 1, 1875, and on the same day he executed and delivered to the defendant a deed of trust, conveying to Thomas M. Jack and Marcus F. Mott, as trustees, 44 sections (28,160 acres) of land, in Shackleford, Callahan, Stephens, Palo Pinto, Jack, and Knox counties, to secure the payment of said note; that the said trustees, Jack and Mott, acting under said con-

*Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

veyance to them, sold all of the said lands on the twenty-ninth of March, 1879, and the defendant (being still the holder of the note) became the purchaser of all the lands at about the price of 10 cents per acre, and the lands were conveyed to him by said trustees, on the second of April, 1879.

The bill charges, further, that for eight months before the date of said sale, and for many months thereafter, the complainant was affected with unsoundness of mind, to such an extent as incapacitated him for attending to business, and rendered him incompetent to make contracts, or to take any care of his business affairs; that this fact was well known to the defendant and to said trustees at the time of the making of said sale; that at that time the lands were worth two dollars per acre, on a general average; and that the defendant had said sale made that he might absorb all of said mortgaged property in the satisfaction of his debt, which, the bill charges, he could not have done, as the defendant well knew, but for the fact that complainant was rendered helpless by reason of his then existing unsoundness of mind. Wherefore complainant asks to be relieved by having said sale set aside, upon such terms as the court may deem equitable, and as shall adequately meet the claims of defendant upon complainant, growing out of said transactions.

To this bill defendant interposes a general demurrer, that it presents no ground for granting the relief asked; and special demurrer, that it does not show that complainant was of unsound mind at the time he executed and delivered said note and deed of trust.

*Sawnie Robertson, C. G. Payne, H. Barksdale,* and *D. A. Williams,* for complainant.

*Z. Hunt* and *Abner S. Lathrop,* for defendant.

McCormick, J. We think the demurrer well taken. The power to sell the lands given in the deed of trust mentioned is certainly such a power as would be held at common law to have coupled with it an interest in the lands mentioned in the power, and would authorize its execution even after the death of the donor of the power. In this state it is held that such a power cannot be executed after the death of the donor, but this rule here is based on the Texas statutes regulating the administration of the estates of deceased persons. These statutes give priority to funeral expenses, expenses of last sickness, allowances to the family, etc., over all other indebtedness, (except, perhaps, for purchase money,) and they make special provision for the execution of just such contracts and liens as this by administration. *Robertson* v. *Paul,* 16 Tex. 472.

In the case just cited, the power under consideration was precisely similar to the one given Jack and Mott, under consideration by us in this case, and Judge WHEELER, in his opinion in that case, clearly indicates his opinion that in Texas, the common law being the rule of decision here, such a power could be executed after the death of the grantor, but for its contravening our system of administration of decedents' estates.

A careful examination of the Texas statutes does not disclose any such provisions in reference to insane persons, or in regard to the management of the estates of persons of unsound mind, as those provisions of the law regulating the administration of the estate of deceased persons, which have been held in *Robinson* v. *Paul, supra,* and in subsequent cases in the Texas Reports, to cause the power to determine upon the death of the grantor. It is not necessary for us to consider what might have been the effect upon this power had the complainant been found insane by proper inquest, and guardianship of his estate granted by the proper court. We are clearly of opinion that the condition of complainant presented by the bill was not such as arrested or suspended the power granted by him in the deed of trust. No element of fraud is presented in the bill. The mere fact of making the sale while complainant was in the condition alleged, with knowledge thereof on the part of the defendant and of the trustees, is all that is charged in that direction.

The inadequacy of price complained of does not appear to have resulted from any improper act of defendant. From all that appears, the sale was made precisely as the complainant had provided it shoud be made, and the defendant became the purchaser because he was willing to give more for the land, and at the sale offered more for the land than any one else offered, and no reason suggests itself to us for setting aside the sale on that ground.

The demurrer is sustained.

PARDEE, J., concurs.