P. C. WHITMIRE v. SALLIE MAY ET AL.

No. 1161. Decided March 5, 1903.

**1.—Mortgage—Power of Sale—Death of Assignee of Equity of Redemption.**

The death of an assignee of the equity of redemption takes away the right to enforce the mortgage by executing a power of sale therein, and compels the mortgagee to resort to the probate court for foreclosure. (Pp. 318, 319.)

**2.—Same—Case Followed.**

Though disinclined, as an original proposition, to follow the ruling in Buchanan v. Monroe, 22 Texas, 537, the doctrine there announced, that a power of sale can not be exercised after the death of the assignee of the equity of redemption, is recognized as a rule of property which it is too late to disturb. (P. 319.)

**3.—Same—Claims in Probate—Mortgage—Affidavit.**

The holder of a mortgage against property belonging to the estate of a decedent, but for a debt not owed by the estate, may make oath to his claim, not as a claim against the entire estate, but as one against a specific part thereof. (P. 319.)

**4.—Purchase Money—Power of Sale—Death.**

The execution of a power of sale is suspended by the death of the assignee of the equity of redemption, though the mortgage was for purchase money of the property. (Pp. 319, 320.)

Error to the Court of Civil Appeals for the Fourth District, in an appeal from Dallas County.

Whitmire brought suit for the recovery of land against May, a tenant, whose landlord Powell, as administrator, appeared and defended the suit. Defendants had judgment, which was affirmed on appeal. Whitmire then obtained writ of error.

*M. T. Conner,* for plaintiff in error.—Where a debt for purchase money exists against the land and is secured by an express vendor's lien retained in the deed, and deed of trust given by the vendee on the land with power of sale as further security, and the subsequent vendee permits the land to be sold under the mortgage, all equities of redemption in such subsequent vendee (if any was had) are extinguished by the trustee sale. Maulding v. Coffin, 6 Texas Civ. App., 416; Ferguson v. McCrary, 20 Texas Civ. App., 529; Puckett v. Reed, 3 Texas Civ. App., 350; Heard v. McKinney, 1 Posey, 83; McKinley v. Keath, 1 Texas Ct. Rep., 178.

The legal title to this land was in P. H. Doran until the sale by Trustee Lewis which vested it in Mrs. E. E. Waller. Hamblen v. Walsh, 70 Texas, 132; Foster v. Powers, 64 Texas, 247; Curran v. Mortgage Co., 24 Texas Civ. App., 499; Browning v. Estes, 3 Texas, 463; Estes v. Browning, 11 Texas, 245.

The power of sale is not revoked by death of mortgagor, only postponed, and the burden of preventing a default rested upon the estate. Curran v. Mortgage Co., 24 Texas Civ. App., 444; Rogers v. Watson, 81 Texas, 400; Bank v. Jackson, 33 S. W. Rep., 277; McLane v. Paschal, 47 Texas, 365.

*Harry P. Lawther*, for defendants in error.—In this State, after the death of the owner of the equity of redemption the exercise of the power of sale contained in a mortgage or deed of trust is held to be in conflict with the provisions of our statute governing the estates of decedents; that the death is a virtual revocation of the power; that a sale under the power unless time for administration has elapsed, is void; and this notwithstanding the property be homestead and the debt secured be purchase money for the land. Robertson v. Paul, 16 Texas, 472; Fortson, Admr., v. Caldwell, 17 Texas, 627; Boggess v. Lilly, 18 Texas, 200; Cunningham, Admr., v. Taylor, 20 Texas, 126; McMiller v. Butler, Admr., 20 Texas, 402; Buchanan, Admr., v. Monroe, 22 Texas, 537; Blair v. Thorp, 33 Texas, 38; Black v. Rockmore, 50 Texas, 95; Abney v. Pope, 52 Texas, 288; Buchanan, Admr., v. Wagnon, 62 Texas, 377; Jenkins v. Cain, 72 Texas, 88; Rogers' Heirs v. Watson, 81 Texas, 400.

GAINES, CHIEF JUSTICE.—On the 1st day of February, 1897, one F. H. Doran sold to one J. D. Pippin the tract of land, the half of which is in controversy in this suit. Pippin paid $625 in cash and executed to Doran five promissory notes of $100 each, maturing at different dates, as a consideration for the land. Doran's deed reserved a lien for the unpaid purchase money, and at the same time Pippin executed a deed of trust which empowered the trustee W. H. Lewis to sell the property for the payment of the notes in case of default.

On February 13, 1897, Pippin, for a recited consideration of $312.50 in cash and the assumption of the payment of one-half of the purchase money notes, conveyed to his wife Jennie E. Pippin an undivided one-half interest in the land. Mrs. Pippin did not pay the $312.50 as recited in the deed. She lived upon the land as her homestead until she died in April, 1900. She left surviving her two children by a former husband. At the time of her death her husband had disappeared, and whether he was living or dead was not known. The defendant R. H. Powell became administrator upon her estate and rented the premises in controversy to defendant Sallie May.

Doran transferred the notes to Mrs. E. E. Waller, and default having been made, the trustee, in pursuance of the power conferred by the deed

in trust, after the death of Mrs. Pippin and after administration upon her estate, sold the property, and Mrs. Waller became the purchaser at the sale. Subsequently she conveyed it to the plaintiff P. C. Whitmire.

Whitmire brought suit against Sallie May, the tenant in possession, to recover the property, and her landlord Powell as administrator of the estate of Mrs. Pippin appeared and defended the suit. The judgment was for the defendants, and on appeal it was affirmed by the Court of Civil Appeals.

The Court of Civil Appeals held that the case was ruled by the decision in Buchanan v. Monroe, 22 Texas, 537. There it was decided, that where a mortgagor has sold the mortgaged premises and the purchaser has died before foreclosure, the power of sale given in the mortgage is revoked, so long as an administration is pending. When we granted the writ we concurred in the view that Buchanan v. Monroe was decisive of the question; but we are not inclined to follow that ruling. So far as we have been enabled to discover, although that case was decided more than forty years ago, the precise point has never been again presented to this court. The case has, however, been frequently cited and always with approval. If it were an original question, we should be inclined to hold that the death of a purchaser of property subject to a mortgage with a power of sale neither revokes nor suspends the power; but that the trustee may proceed to sell in the same manner as if the death had not occurred. But in view of the long lapse of time since Buchanan v. Monroe was decided and of the fact that it has never been overruled or questioned, we feel constrained to hold that it has become an inflexible rule of property, which it is the duty of the courts in this State to uphold. The rule is unsatisfactory to us for the reason that it seems unjust that the mortgagor, by a sale of the property, should have the power to put the mortgagee in a position where his rights may become impaired by the death of the purchaser.

In following Buchanan v. Monroe another difficulty presents itself to our minds. The statute provides, that claims against an estate shall be sworn to and presented to the administrator in the first instance. Rev. Stats., art. 2072. Until this is done the creditor has no standing in the probate court. The form of the affidavit indicates in some measure that this was intended to apply to claims owed by the decedent. But when a mortgagor has sold the property subject to the lien and the vendee has not assumed the mortgage, the latter does not owe the debt. It is a mere incumbrance on a specific piece of property. But since it is held that the mortgagee must proceed in the probate court to enforce his lien, it must follow that he has the right to make oath to his claim—not as a claim against the entire estate—but as a claim against a specific part thereof, and to have it allowed and approved or otherwise established as provided by law.

But it is insisted, that, since the claim in this case was for the purchase money, for which a lien was expressly retained in the deed, the rule should not apply. But that argument is met by the leading case

of Robertson v. Paul, 16 Texas, 472, where it was held, in effect, that the power was suspended by the death of the original vendee, although the contract was virtually executory, and there were no claims which were entitled to precedence over that for the purchase money.

The judgments of the District Court and that of the Court of Civil Appeals are affirmed.

*Affirmed.*