DEGETAU et al. v. MAYER et al.†

(Court of Civil Appeals of Texas. San Antonio. March 13, 1912. Rehearing Denied April 10, 1912.)

1. APPEARANCE (§ 20*)—GENERAL APPEARANCE —FILING PLEADINGS.

Plaintiffs, after defendants' cross-action was filed, by appearing in open court and moving for a continuance and for leave to file a supplemental petition in response to the answer and cross-action, submitted themselves to the court's jurisdiction, for the purpose of trying the cross-action, though they had not been served with citation thereon.

[Ed. Note.—For other cases, see Appearance, Cent. Dig. §§ 91–102; Dec. Dig. § 20.*]

2. EXECUTORS AND ADMINISTRATORS (§ 388*) —CLAIMS AGAINST ESTATE — PRESENTATION TO PROBATE COURT—NECESSITY.

Under Sayles' Ann. Civ. St. 1897, art. 2121, providing that a mortgage or lien creditor of a decedent whose claim has been allowed or established by suit may obtain an order from the probate court for the sale of the mortgaged property by applying in writing and citing the administrator, all claims against a decedent's estate must be asserted in the probate court, whether secured or not, and though the lien be for the purchase price, so that one purchasing land from an administrator, acting under the approval of the probate court, would have a good title as against one claiming under a deed of trust, executed by decedent, where the trust deed claimant had never presented his claim to the probate court.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1573–1582; Dec. Dig. § 388.*]

3. QUIETING TITLE (§ 34*)—ALLEGATIONS OF PLEADING—CONSTRUCTION.

Allegations of the cross-action, in an action to recover land, that defendants had acquired the fee-simple title by a purchase from the administrator, acting under process of law and under approval of the probate court, implied by reasonable intendment that a lien placed upon the land by a trust deed, executed by decedent, had been discharged when defendants purchased from the administrator.

[Ed. Note.—For other cases, see Quieting Title, Cent. Dig. §§ 69–72, 76; Dec. Dig. § 34.*]

4. QUIETING TITLE (§ 7*)—REMOVING CLOUD ON TITLE.

Defendants may sue to remove a cloud upon their title by the attempted enforcement of a claim under a deed of trust, though such claim be void on its face.

[Ed. Note.—For other cases, see Quieting Title, Cent. Dig. §§ 14–33; Dec. Dig. § 7.*]

5. QUIETING TITLE (§ 34*)—ACTIONS—ALLEGATIONS OF PETITION—REMOVING CLOUD.

The cross-action, in an action to recover land, alleged that defendants owned the fee-simple title of the lands described in the petition under a purchase from an administrator, acting under due process of law, and under the direction and approval of the probate court of the county in which the lands were situated, in all things as required by law, and that plaintiffs assert an interest in the land and a lien thereupon under an alleged trust deed, executed by such administrator's decedent, and that the said claim of plaintiffs constitutes a cloud upon defendants' title; wherefore they pray that the cloud be removed from their respective titles. Held that, as against a general exception, the cross-action sufficiently alleged a cause of action to remove a cloud from title.

[Ed. Note.—For other cases, see Quieting Title, Cent. Dig. §§ 69–72, 76; Dec. Dig. § 34.*]

6. APPEAL AND ERROR (§ 257*)—EXCEPTIONS BELOW—REFUSAL OF CONTINUANCE.

Plaintiffs in error cannot complain of the refusal of a continuance, where they voluntarily dismissed their case thereafter, and did not except to such refusal until they sued out the writ of error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1494–1497; Dec. Dig. § 257.*]

Error from District Court, El Paso County; A. M. Walthall, Judge.

Action by B. Degetau and others against Sara Mayer and others, in which defendants filed a cross-action. Judgment for defendants on their cross-action, and plaintiffs bring error. Affirmed.

Patterson, Buckler & Woodson, of El Paso, for plaintiffs in error. Z. L. Cobb, of El Paso, for defendants in error.

MOURSUND, J. The plaintiffs Degetau and others sued, in the district court, Sara Mayer and her three children and Z. L. Cobb to subject nine different pieces of land in El Paso county to the payment of certain notes, which were fully described, and which had been executed by Richard L. Mayer, deceased, who was the husband of Sara Mayer and the father of the three children, and sued, also, Z. L. Cobb, who claimed an interest in said land under the Mayers. It was alleged in the petition that Richard L.

Mayer had, on December 27, 1894, executed and delivered to Millard Patterson, as trustee, a certain deed of trust upon said nine tracts of land to secure the payment of the notes described; and the book and page where such deed of trust was recorded was set out. Such suit was filed June 18, 1910. All of the defendants were cited by publication, except Cobb, and all, except Cobb and Sara Mayer, were minors. An affidavit for citation by publication was made by one of the attorneys for the plaintiffs, in which one of the minor defendants was named as Gustav Mayer, whereas he was sued as Alfred Gustav Mayer, and the citation by publication, which was issued, gave the name of the minor defendant as Alfred Gustav Mayer.

The plaintiffs below filed an amended petition on April 11, 1911, and on April 18, 1911, the defendants Sara Mayer and Z. L. Cobb filed their first amended original answer and cross-action in said case, and the minor defendants filed an answer through an attorney appointed by the court to represent them. The cross-action, filed by Sara Mayer and Z. L. Cobb, reads as follows: "And now come the said Sara Mayer, residing in the empire of Germany, and Zach Lamar Cobb, a resident of El Paso county, Texas, and for counteraction against the plaintiffs B. Degetau, Emilia A. Kuck and husband, Otto Kuck, and Charles Ketelsen, all nonresidents of the state of Texas, respectfully represent and show to the court: That said Sara Mayer owns the fee-simple title of all that certain land known and described as surveys Nos. 52, 65, 77, and 85, on the Island—that is, on the south side of the present channel of the Rio Grande river, in the San Elizario grant, El Paso county, Texas—and that the said Zach Lamar Cobb owns the fee-simple title of all those certain tracts of land known and described as surveys Nos. 110 and 114, on the Island, which tracts of land are particularly described in plaintiffs' petition. That the said Sara Mayer and Zach Lamar Cobb own said respective lands in fee simple, under and by virtue of the purchase of the same by them from Archibald Dixon, Jr., administrator of the estate of Richard L. Mayer, deceased, acting under due process of law, and under the direction and approval of the probate court of El Paso county, Texas, in all things as required by law. That the said B. Degetau, Emilia A. Kuck and husband, Otto Kuck, and Charles Ketelsen assert a claim and interest in said land, and a lien upon the same, under an alleged indebtedness of the said Richard L. Mayer, deceased, and an alleged deed of trust, which they claim was executed by the said Richard L. Mayer, deceased, to secure the said indebtedness, all of which is fully alleged in their petition, and that said claim so made by the plaintiffs constitutes a cloud upon the title of the defendants. Wherefore the said defendants Sara Mayer and Zach Lamar Cobb pray that they have judgment against the plaintiffs B. Degetau, Emilia A. Kuck, and husband, Otto Kuck, and Charles Ketelsen, removing said cloud from their title to their respective tracts of land, for costs of suit, and for such other and further relief as the court deems proper to grant." No citation was issued on the cross-action. The six tracts of land described therein were six of the nine tracts described in plaintiffs' petition.

The case was set for trial on the 19th day of April, 1911. The further proceedings are recited in the judgment, from which we copy as follows: "Be it remembered that on the 19th day of April, A. D. 1911, the above styled and numbered cause was called for trial on the first amended original petition of the plaintiffs B. Degetau, Emilia A. Kuck, and husband, Otto Kuck, and Charles Ketelsen, and upon the cross-action of defendants Sara Mayer and Zach Lamar Cobb contained in their first amended original answer, theretofore filed on the 18th day of April, 1911, and came all the parties by their attorneys of record, and the plaintiffs verbally moved the court to continue the cause, which motion for a continuance was by the court heard and considered to be without merit, and was by the court overruled, and the defendants announced ready for trial, whereupon plaintiffs, by their said attorneys of record, asked leave of the court, and were granted leave by the court, to file a supplemental petition in answer to the said first amended original answer of the defendants Sara Mayer and Zach Lamar Cobb and their cross-action contained therein; and thereafter, on the same day the 19th day of April, 1911, plaintiffs moved the court to dismiss their cause of action, whereupon said defendants Sara Mayer and Zach Lamar Cobb insisted upon maintaining against the plaintiffs their said cross-action and prayer for affirmative relief, and upon hearing the said motion of the plaintiffs and the demands of said defendants the court, on said 19th day of April, 1911, ordered that the original action of the plaintiffs be dismissed without prejudice at the cost of plaintiffs, and that said cause stand for trial on the cross-action of the said defendants Sara Mayer and Zach Lamar Cobb on the 25th day of April, 1911, at 9 a. m.; and, be it remembered, that on this the 25th day of April, A. D. 1911, came on to be heard the above styled and numbered cause, and the same was regularly called for trial, upon the cross-action of two of the original defendants Sara Mayer and Zach Lamar Cobb against the original plaintiffs, B. Degetau, Emilia A. Kuck, and husband, Otto Kuck, and Charles Ketelsen, and came said Sara Mayer and Zach Lamar Cobb and announced ready for trial; but the original plaintiffs, B. Degetau, Emilia A. Kuck, and husband, Otto Kuck, and Charles Ketelsen, wholly failed and refused to further appear,

or to file any pleadings in answer to said cross-action, although they, and each of them, had appeared by their attorneys of record, subsequent to the filing of said cross-action, when they moved for a continuance, when they asked leave to file a supplemental petition in reply to the first amended original answer of said defendants, containing said cross-action, and when they moved to dismiss their original action, and although at each of said appearances said attorneys of record for the original plaintiffs had in their possession the amended answer of said Sara Mayer and Zach Lamar Cobb, containing said cross-action; whereupon the court proceeded to hear the law, the pleadings, and the evidence. no jury having been demanded."

The judgment then recites that the court found that the defendants Sara Mayer and Zach Lamar Cobb owned the fee-simple title to the respective lands claimed by them in their cross-action, through conveyances from the administrator of the estate of Richard L. Mayer, deceased, free from any indebtedness or lien given by said Richard L. Mayer; that the deed of trust mentioned in said cross-action, and described in plaintiffs' petition, constitutes a cloud upon the titles of said Sara Mayer and Zach Lamar Cobb to said surveys respectively claimed by them; and that the plaintiffs have no right, title, or interest in any of said real estate. The judgment provided further that the titles of said defendants Sara Mayer and Zach Lamar Cobb be quieted to the respective surveys claimed by them in their cross-action, and that any right, title to, or interest therein, which the plaintiffs may have or may have had in and to said lands, be canceled, and that said indebtedness and said deed of trust be canceled.

Plaintiffs bring the case to this court on a writ of error, and assign error in the rendition of the judgment against them on the cross-action, for the following reasons: (1) Because they had not been cited to answer said cross-action, and had never appeared to the same, and were not before the court on such cross-action at the time the judgment was rendered. (2) Because the allegations contained in said cross-action were not sufficient to invoke the jurisdiction of the court to render said judgment, and the court was without jurisdiction to render said judgment for this reason. (3) Because the court refused to grant a continuance, for the reason that Alfred Gustav Mayer had not been properly cited, and thus compelled plaintiffs to dismiss their suit.

[1] It is true that plaintiffs were not cited to answer defendants' cross-action; but after the filing of the same plaintiffs appeared in open court, by their attorneys, and moved for a continuance of the case, and also asked and obtained leave to file a supplemental petition. In their brief, they contend that the supplemental petition was necessary, in or-

der to deny the allegations contained in the answer proper, and not those of the cross-action; but the judgment of the court recites that they asked and obtained leave to file a supplemental petition in response to the answer and the cross-action. After obtaining leave to file the supplemental petition, and on the same day, plaintiffs dismissed their suit; but defendants demanded a trial on their cross-action, and the same was set for hearing on April 25, 1911. We are of the opinion that the plaintiffs entered their appearance in this cause for all purposes after the filing of the cross-action, and submitted themselves to the jurisdiction of the court with reference to the cross-action; and that therefore no citation was necessary to be served upon them. Smithers v. Smith, 35 Tex. Civ. App. 508, 80 S. W. 646; Harris v. Schlinke, 95 Tex. 88, 65 S. W. 172; Mueller v. Heidemeyer, 49 Tex. Civ. App. 259, 109 S. W. 447; Gulf Co. v. Shields, 56 Tex. Civ. App. 7, 120 S. W. 222.

The cross-action is affirmative in its character, and is to be distinguished from those cases in which the pleadings are strictly defensive and have only an affirmative prayer for relief. It points out specifically the title it seeks to annul, and, by reference to the petition, makes the description thereof certain, even to the giving of the book and page where the deed of trust is recorded. Therefore this case is not similar to that of Hoodless v. Winter, 80 Tex. 638, 16 S. W. 427, and complies with the rule laid down in the case of Short v. Hepburn, 89 Tex. page 624, 35 S. W. 1056. The cross-action alleges that the defendants acquired their title to the lands described therein by purchase from the administrator of the estate of Richard L. Mayer, deceased, acting under due process of law, and under the approval of the probate court, as required by law. If this allegation is established, then the title so acquired is good against a claim under a deed of trust executed by the decedent.

[2] Persons having claims against decedents whose estates are being administered must assert them in the probate court, whether they be secured or unsecured. Rev. Civ. Stat. art. 2121; Taylor v. Williams, 101 Tex. 392, 108 S. W. 815; Whitmire v. May, 96 Tex. 317, 72 S. W. 375; Bradford v. Knowles, 86 Tex. 505, 25 S. W. 1117; Wilson v. Harris, 91 Tex. 427, 44 S. W. 65. This is the rule, even where the lien is for purchase money, and therefore cannot be set aside in favor of other claims. Robertson v. Paul, 16 Tex. 472; Whitmire v. May, 96 Tex. 317, 72 S. W. 375.

Even where a deed of trust stipulates that the holder of the indebtedness need not resort to the probate court, and that the power of sale should not be revoked by the death of the maker, it has been held that the same would have to be enforced in the probate court. Texas Loan Agency v. Dingee, 33

Tex. Civ. App. 118, 75 S. W. 866. In the same case, it is held that, where the party fails to enforce his claim in the probate court, and the land upon which the deed of trust exists is sold by the administratrix, the creditor has waived his right and lost his debt and lien.

The sale by an administrator has been described as a sale by the court, a species of judicial sale. Corley v. Anderson, 5 Tex. Civ. App. 218, 23 S. W. 839. It has also been decided that the purchaser need not see to the application of the proceeds. Blanton v. Mayes, 72 Tex. 421, 10 S. W. 452.

If the creditor has not pursued his remedy in the probate court within the time required by law, he loses it; and if he files his claim he is only entitled to his rights in the proceeds, in case the land is sold under orders of the court.

[3-5] In view of the decisions of our courts, we are of the opinion that the allegation made in the cross-bill, to the effect that defendants had acquired the fee-simple title by purchase from the administrator, acting under due process of law, and under the approval of the probate court, carries with it the reasonable intendment that the lien upon the land, by reason of the deed of trust executed by decedent, had been canceled, and was no longer in existence; and upon proof of the facts alleged the court was authorized to so find. Then, if the plaintiffs, by seeking to enforce a claim under the deed of trust in the courts, cast a cloud upon defendants' title, under our decisions, defendants can sue for removal thereof, even though such claim showed on its face to be void. Day Company v. State, 68 Tex. 535, 4 S. W. 865. We are of the opinion that the cross-action, as against a general exception, states a sufficient cause of action to remove cloud from title. Riggs v. Pope, 3 Tex. Civ. App. 179, 21 S. W. 1013; Gallagher v. Keller, 4 Tex. Civ. App. 455, 23 S. W. 296.

[6] We do not think plaintiffs in error can be heard to complain of the action of the court in refusing a continuance. After such refusal, they voluntarily dismissed their case; and it does not appear that they took any exception to the action of the court until they sued out this writ of error.

We find no error in the record, and the judgment is affirmed.