LAURAINE v. VAUGHN et al. (Nos. 7279, 7280, 7281, 7283.)

(Court of Civil Appeals of Texas. Galveston. Feb. 21, 1917. On Rehearing, March 15, 1917. Dissenting Opinion April 11, 1917.)

Error from District Court, Harris County; J. W. Woods, Special Judge.

Separate suits by W. V. Lauraine, administrator, against R. M. Vaughn and others (No. 7279), against Kahn Bros. and others (No. 7280), against John C. Williams and others (No. 7281), and against H. N. Atkinson and others (No. 7283). To review judgments for defendants, plaintiff brings error. Affirmed.

Rehearing denied; Graves, J., dissenting.

John G. Tod and Cooper & Merrill, all of Houston, for plaintiff in error. Elliott Cage, of Houston, for defendants in error.

PLEASANTS, C. J. This writ of error is from a judgment in a suit in intervention in a receivership proceeding pending in the court below. The case is in all respects similar in its facts, and presents the identical questions determined by us in the case of Lauraine, Administrator, v. Masterson, 193 S. W. 708, in which we on this day filed our opinion.

Affirmed.

### On Rehearing.

PER CURIAM. Rehearing denied.

GRAVES, J. (dissenting in No. 7283). Believing that the district court was without any jurisdiction to order the sale of the property here involved as against the estate of Mrs. Allen, it becomes the duty of this member to dissent from the opinion of the majority of the court so holding.

Administration had been commenced and was then pending in the county court of Harris county. Our Constitution (article 5, § 16) in broad terms confers upon the county court the general jurisdiction of a probate court, and for the transaction of "all business appertaining to deceased persons, * * * including the settlement, partition and distribution of estates of deceased persons." Likewise, in terms just as broad and general, the Constitution confers equity jurisdiction upon the district court; it is further true that the probate jurisdiction thus vested in the county court is not in all cases and under all conditions an exclusive one, but it has been often recognized that special conditions may exist in a particular case, such as the adjustment of equities between various parties, which make the relief obtainable through the county court inadequate to the necessities of the case, and for which its powers are insufficient; in this class of cases the equity powers of the district court may be invoked for the establishment and determination of those special issues making resort to that tribunal necessary; of such character is Cannon v. McDaniel, 46 Tex. 303, and the line of supporting cases cited on this point in the majority opinion; but as the writer understands those cases, there were actually in issue such equities between various necessary parties to the litigation as could not be resolved or established through the limited powers of the probate court, and even then, after their determination in the district court the judgment should be performed through the probate court, the proper procedure being prescribed in article 2004, Vernon's Sayles' Revised Statutes, as follows:

"Where a recovery of money is had against an executor, administrator or guardian, as such, the judgment shall state that it is to be paid in the due course of administration, and no execution shall issue on such judgment, but the same shall be certified to the county court, sitting in matters of probate, to be there enforced in accordance with law."

Indeed it seems to me that, when rightly applied to the well-established authority of the county court over matters relating to the estate of deceased persons under administration, our Supreme Court meant to hold, in Cannon v. McDaniel and other cases following it, that the resort there permitted to the district court to determine matters ordinarily within the exclusive cognizance of the probate court, was really only a special jurisdiction, auxiliary to the general jurisdiction of the probate court, and to be exercised as such in special cases only. Mortgage Co. v. Jackman, Adm'r, 77 Tex. 626, 14 S. W. 305; Groesbeck v. Groesbeck, 78 Tex. 669, 14 S. W. 792; Pomeroy's Equity Jur. vol. 3, § 1154, pp. 2283–2294.

If this construction be correct, and it seems to me that the unmistakable current of our decisions from at least Cannon v. McDaniel on down has been but to emphasize it, then it is further true that where, in those particular cases, the adjustment of equities

makes the powers of the probate court inadequate to afford full relief, and the equity jurisdiction of the district court may consequently be invoked in aid of it, the same rule still prevails, and performance of the judgment, such as a sale of property belonging to the estate would be, must be performed through the probate court. Title 64, chapter 11, Vernon's Sayles' Revised Statutes; Rogers v. Kennard, 54 Tex. 30; Smithwick v. Kelly, 79 Tex. 564, 15 S. W. 486; Atchison v. Smith, 25 Tex. 228.

If these deductions correctly state the rule, then, looking to the facts of the case at bar, what here made the powers of the probate court inadequate? Perhaps the recitations upon that point from the opinion of the majority will best answer the question, and they are copied as follows:

"The property is owned in common by A. C. and Mrs. Margaret Allen, the indebtedness sued on is a joint indebtedness, and the lien to secure it was given jointly by said defendants upon their common property. Other liens had been established upon the property in the receivership proceeding, and other claims were pending."

"In many cases, and this is especially true in this case, the court could not give that adequate and complete relief to which defendant in error is entitled, unless that court directed the sale of the property. The debt and mortgage is joint, and the mortgage is upon property owned in common by A. C. Allen and Mrs. Margaret Allen. Defendant in error is entitled to have the whole of the property sold to pay the entire indebtedness, and this right often is, and may be in this case, of great importance. The probate court is without power to make a sale of the whole of the property, and defendant in error cannot be required to divide his claim and security, and have one portion of the judgment enforced by a sale made by the probate court, and the other by sale directed by the district court."

It thus appears that the mere fact that Mrs. Allen had joined with A. C. Allen in the execution of a joint note and mortgage against the property owned jointly between them to intervener Atkinson was held to create such a condition as made the powers of the probate court inadequate, and as a result to oust its otherwise exclusive jurisdiction and to confer upon the district court the right, in effect, to administer Mrs. Allen's estate.

If this be the law, then it occurs to the writer that all those provisions in our Constitution and statutes, and all the long line of our decisions, vesting exclusive jurisdiction over the administration of estates of decedents in the probate court, and jealously protecting and guarding them through its simple, efficient, and speedy methods, are stricken down and set at naught, because few cases will then arise in which some excuse cannot be found to divest the probate court of its long-recognized exclusive jurisdiction, and vest the administration of such estates in Texas in the district court as a court of equity. To this doctrine the writer cannot bring himself to consent.

In this case there were no equities what-ever involved as between the Allens, but merely the joint character of their obligations as between them, or either of them, and intervener Atkinson; this consideration may have been under the other facts alleged, and the writer thinks it was, sufficient to confer jurisdiction upon the district court to hear the case, establish the debt and lien, and foreclosure of the lien, but not to order the sale of the land through that court's processes as against the estate of Mrs. Allen; that, after going so far, it should have stopped there, and certified the judgment thus rendered to the county court, for enforcement against her, as provided in said Revised Statutes, art. 2004. It is no answer to say that intervener could not be expected to divide his relief, and obtain part of it through the one court and part through the other, because, in originally accepting the joint obligations of the two persons, he must have contemplated that one of them might die, and it thereupon become necessary for him to prosecute his claim against that one through an administration upon his estate; nor is any difficulty presented here by the requirement that sale as to Mrs. Allen be had through the county court, since her undivided interest in the joint property alone could as well be there disposed of as if she had owned the whole of it.

Moreover, it has been repeatedly held in the cases herein cited that the powers of the county court were not inadequate to give full relief merely because of some inconvenience, hardship, or even loss to the party affected. Giddings v. Crosby, 24 Tex. 299; Atchison v. Smith, 25 Tex. 230; Cannon v. McDaniel, 46 Tex. 312.

Thus concluding and holding that the district court was without power to order the sale through its process of Mrs. Allen's interest in the lands involved, it follows that, in the writer's opinion, that part of the trial court's judgment ordering such sale was void; wherefore this motion for rehearing should be granted, and the case reversed and remanded, with instructions to the trial court to vacate that part of its judgment, and then to certify its amended and corrected judgment to the county court for observance and enforcement pursuant to the statute previously quoted.

It is, indeed, the writer's information that our Supreme Court, in the case of Lauraine v. Ashe, 191 S. W. 563, decided February 7, 1917, and not yet officially reported, has expressly reaffirmed what it is herein maintained has heretofore been the rule as to the want of authority in the district court to order sale of property belonging to an estate when administration thereon is pending.

GRAVES, J. (dissenting in Nos. 7279, 7280, and 7281). For the same reasons and to the same extent as expressed in a dissenting opinion filed on April 11, 1917, in the com-

panion case to this one, to wit, No. 7283, H. N. Atkinson, Intervener, v. W. V. Lauraine, Temporary Administrator, etc., the writer dissents from the action of the majority of the court in refusing this motion for rehearing, and here refers to that dissenting opinion for full statement of his reasons, and of the action he thinks should have been taken also in this case.