### TYSON et al. v. UNION CENTRAL LIFE INS. CO.

No. 7712, Motion No. 7387.

Court of Civil Appeals of Texas. Austin.

Aug. 5, 1932.

Rehearing Denied Sept. 28, 1932.

Chambers & Gillis, of Cameron, and E. A. Camp, of Rockdale, for appellants.

Henry, Bickett & Bickett, of San Antonio, for appellee.

McCLENDON, C. J.

Suit upon a promissory note and to foreclose a trust deed lien upon real estate in the hands of administrators, whose decedent had purchased the land subject to the lien, but had not assumed the debt. The only question which the appeal presents is whether the district court committed error in decreeing an order of sale instead of certifying its judgment of foreclosure to the county court for execution.

The question presented arises out of the following undisputed facts:

February 6, 1920, M. V. Tyson (then the owner of the property which consisted of 294 acres of farm land) and wife executed a trust deed thereon, securing M. V. Tyson's note to the insurance company (Union Central Life Insurance Company) of $6,000, due January 1, 1931, and eleven interest coupon notes maturing annually.

February 5, 1929, the bank (Cameron State Bank) acquired the land subject to the insurance company's trust deed lien. February 26, 1929, the bank conveyed the land to C. W. Tyson, subject to the insurance company's trust deed lien; the grantee executing vendor's lien notes in favor of the bank, as a part of the purchase price. December 6, 1930, C. W. Tyson died intestate, and December 30, 1930, Averitt and Newton, in whose favor Mrs. Daisy Tyson (widow of C. W. Tyson) waived her right to be appointed administratrix, were appointed administrators by the county court of Milam county, and took possession of and are administering the estate including the land in suit.

The first twelve interest coupon notes were paid. Default was made in the thirteenth and in the principal note; and this suit was brought in the district court of Milam county by the insurance company against M. V. Tyson personally thereon, and against him, his wife, the bank, the administrators, and Mrs. Daisy Tyson, for foreclosure of the trust deed lien. M. V. Tyson and wife defaulted, and the bank filed a disclaimer of any interest in the land. Both by verified plea and exceptions to plaintiff's petition, the administrators challenged the jurisdiction of the district court on the ground that the land was in the custody of the probate (county) court, which latter had exclusive jurisdiction of the foreclosure proceeding. They further, by exception, challenged the jurisdiction of the district court to decree a foreclosure sale for a like reason. This plea and these exceptions were overruled, and judgment was rendered against M. V. Tyson personally upon the principal and interest notes in suit, and against all other defendants foreclosing the trust deed lien and ordering the property sold in satisfaction of the judgment, any excess to be paid to the administrators.

■ The administrators, who alone have appealed, concede that the district court properly assumed jurisdiction to render judgment upon the notes and to foreclose the trust deed lien; but having done so, they contend that it exhausted its jurisdiction over the property, and must certify the judgment to the county court for execution in so far as resort to the property foreclosed upon is concerned.

The insurance company contends for jurisdiction in the district court to order the sale, upon the ground that this was essential to the adjustment of the equities of all the parties, the county court's jurisdiction in that regard being wanting or inadequate, and especially so since its debt was not assumed by Tyson, and appellee had no claim, and had asserted none, against his estate.

We concur in appellants' above contention.

The general principles which control the question presented are so well settled in the jurisprudence of this state that, at this late date, it is only necessary to state them.

■ Generally speaking, where the county court, sitting in probate, has taken possession, through its administrators, of property of a decedent whose estate is being administered, its jurisdiction over the property is exclusive and cannot be interfered with by any other court. This principle is recognized both in the federal and state courts. Robertson's Adm'x v. Paul, 16 Tex. 472; Buchanan v. Monroe, 22 Tex. 537; Atchison v. Smith, 25 Tex. 228; Cannon v. McDaniel, 46 Tex. 303; Rogers v. Kennard, 54 Tex. 30; Smithwick v. Kelly, 79 Tex. 564, 15 S. W.

486; Whitmire v. May, 96 Tex. 317, 72 S. W. 375, 376; Lauraine v. Ashe, 109 Tex. 69, 191 S. W. 563, 196 S. W. 501; Gregory v. Ward, 118 Tex. 526, 18 S.W.(2d) 1049; Byers v. McAuley, 149 U. S. 608, 13 S. Ct. 906, 37 L. Ed. 867.

The rule applies, even though it is necessary to invoke the jurisdiction of the district court to establish a claim against the property or adjust the equities of the parties therein.

A different rule, of course, applies where the property does not in fact belong to the estate. Weeks v. Goldstein (Tex. Civ. App.) 288 S. W. 540. And sales or orders of sale have been upheld or not disturbed by the appellate courts, where the administrator was a party to the district court proceeding, and had acquiesced in or not appealed from the judgment ordering the sale. Nevill v. Hinkle (Tex. Civ. App.) 276 S. W. 324; Willis v. Graf (Tex. Civ. App.) 257 S. W. 664 (error dismissed). Under the facts of these cases the district court manifestly had jurisdiction to adjudicate the lien and decree the foreclosure; and since the representatives of the estate were before the court and bound by the decree, its order of sale could not be attacked collaterally, or on appeal by parties other than the representatives of the estate.

The fact that the lien is for purchase money or of such other character as to be superior to claims for funeral expenses, expenses of last illness and of administration, and allowances to the widow and children, does not militate against this rule. Robertson's Adm'x v. Paul; Buchanan v. Monroe; Cannon v. McDaniel; Whitmire v. May, supra.

Nor is the rule different where the decedent was not personally bound upon the lien debt, and the lien creditor has no claim against his estate. This point is adverted to in Whitmire v. May, supra (Gaines, C. J., writing), as follows: "When a mortgagor has sold the property subject to the lien, and the vendee has not assumed the mortgage, the latter does not owe the debt. It is a mere incumbrance on a specific piece of property. But since it is held that the mortgagee must proceed in the probate court to enforce his lien, it must follow that he has the right to make oath to his claim, not as a claim against the entire estate, but as a claim against a specific part thereof, and to have it allowed and approved or otherwise established as provided by law."

We know of but one exception to the general rule above stated; and that is where the situation is such that adequate relief cannot be afforded through sale in the probate court. Such a situation was presented in Lauraine v. Masterson (Tex. Civ. App.) 193 S. W. 708, and Lauraine v. Vaughn (Tex. Civ. App.) 193 S. W. 712 (companion cases in which Judge Graves dissented and writs of

error were refused). Briefly, the facts there were these: Mrs. Allen and her son jointly had large real estate holdings in East Texas, upon which were liens (mortgage and judgment) securing joint debts to various creditors. Suit was brought in the district court by a creditor, and a receiver of the joint property was appointed. Thereafter, and pending the receivership, Mrs. Allen died, and her administrator applied to the Supreme Court for a writ of mandamus to compel the district judge to vacate the receivership as to Mrs. Allen's estate. The application was denied upon the holding "that the District Court has the power to maintain in the suit there pending its possession of the property through the receiver until its jurisdiction over the cause is at an end; and as it is not made to appear here that that jurisdiction is exhausted, this court will not issue a mandamus to oust its possession of the property."

The following is quoted from the opinion (Phillips, C. J., writing): "To make our ruling plain, it is to be understood that only the Probate Court has jurisdiction to sell for the payment of debts the property of a decedent upon whose estate administration has been commenced or is pending. Rogers v. Kennard, 54 Tex. 30; Smithwick v. Kelly, 79 Tex. 564, 15 S. W. 486; Atchison v. Smith, 25 Tex. 228. Our holding is made with clear reference to the want of such power in the District Court. As applied to the character of case last discussed,—where, notwithstanding a pending administration, the jurisdiction of the District Court may be availed of for the settlement of questions affecting the estate which the powers of the Probate Court are inadequate to determine, this is also the rule. The judgment in such a case is to be performed through the Probate Court, and if a sale of property is necessary to its performance it must be made by that court. Cannon v. McDaniel, supra. An attempted exercise of this power by the District Court is not here involved; nor, with administration upon the estate of Mrs. Allen commenced, is it to be assumed that its exercise will be attempted. The present case concerns alone a jurisdiction which is entirely distinct from such power, and which, from aught that here appears, may be properly exercised by the District Court." 109 Tex. 69, 191 S. W. 563, 566.

Upon rehearing the opinion was modified to leave open the question whether sale could properly be ordered by the district court under the facts of that case. After reiterating the views expressed in the original opinion as embodying the general rule, the court say: "Whether there is anything in this case as it stands in the District Court which renders it not subject to the general rule, we do not in this proceeding feel called upon to determine. The record of the cause is not before us; and this, of itself, would preclude its determination. We decline to affirm that the case is not subject to the rule, and deem it preferable that we here express no opinion upon the question. The original opinion is therefore modified to the extent that it indicates a holding upon the authority of the District Court in the suit there pending to direct a sale of the decedent's interest in the property. The determination of the question as arising in such a case was not necessary to the disposition of the mandamus proceeding; it is left open for decision until such time as it may be properly presented." 109 Tex. 69, 196 S. W. 501.

The Galveston Court's holding when the question later came before it in the two above causes in 193 S. W. is rested upon the inadequacy of the remedy which the county court could afford, and this manifestly for the reason that it could not order a sale of Mrs. Allen's son's interest. The district court alone could afford to the joint creditors the relief to which they were entitled as regards the joint property.

In Stewart v. Webb (Tex. Civ. App.) 156 S. W. 537, 539, there were questions of suretyship and subrogation, presenting complications which do not arise in the case at bar. Whether these differences call for a different rule in the two cases, we deem unnecessary to pass upon. In reaching the conclusion that the district court acquired jurisdiction for all purposes including sale of the property in the hands of the administrator, the court say: "In this distinct proceeding, if the jurisdiction of the district court attaches, we think it is to be invoked practically for all purposes, for the reason that upon examination of the statutes with reference to the divesture of title and enforcement of claims, this character of judgment, we think, clearly is not within the purview of * * * those statutes for that purpose."

This conclusion, in our opinion, is in direct conflict with the holdings of the Supreme Court, the latest expression of which is to be found in Gregory v. Ward, supra. The language of those statutes apply to all judgments where satisfaction is to be had from property in the hands of the administrator. The only exception so far recognized by the Supreme Court is where the inadequacy of remedy in the county court extends to the sale of the property and application of the proceeds to the satisfaction of the judgment. In this regard the opinion in Stewart v. Webb, reads: "The rights of Smith and defendants Callis are just as prominent and substantive as the rights of the estate; they have equities with reference to this estate, and the defendant Smith also would be clearly entitled to subrogation under certain conditions, and the kind and character of sale contemplated by the probate statutes being to some extent different

from the order of sale following a judgment in the district court, we can see no reason why the district court in furtherance of the execution of his judgment should not issue the order of sale, and a sale to be made thereunder, and that the independent parties in this suit, on account of their rights, affected by this litigation have that right without their equities being affected by the probate statutes with reference to the order of sale contemplated in those enactments. Articles 3488, 3489, 3494, 3495, 3496, New Revised Statutes."

It may be that under the peculiar facts of that case, a sale by the county court would not afford adequate protection to all the parties. If that be true, then the correctness of the decision on this point must be conceded. The court does not point out in what respect the county court's jurisdiction in the matter of sale was inadequate, or in what way such sale would be detrimental to the rights of any party to the suit. In so far as concerns the instant case, the county court has every power to protect the rights of appellant, which the district court has. It can make the same character of sale the district court can make, and can in like manner give possession to the purchaser. On the other hand, the county court has wide discretionary powers, by means of which, while enforcing the rights of lienholders, it may also protect the interests of the estate, as owner of the equity of redemption—powers which are wholly wanting in the district court in ordinary foreclosure proceedings. There is no right of appellee in the property foreclosed upon, which cannot be protected as fully in the county court as it can in the district court, and there is no claim or burden which the county court may impose upon the property which could not be imposed by the district court. The principles laid down in Lauraine v. Ashe, Gregory v. Ward, and other cited cases, leave no room for substantial doubt in our mind that the sale should be effected through the county court.

That portion of the trial court's judgment ordering sale of the property foreclosed upon is reformed so as to provide that the judgment be certified to the county court for sale of the property and application of the proceeds in accordance with the trial court's judgment; which, in all other respects, is affirmed.

Reformed and affirmed.

### On Appellee's Motion for Rehearing.

In predicating error upon our holding that in making sale of the property the probate court has every power which the district court has to protect appellee's rights, appellee points out that the manifest purpose of appellants is to delay the sale in order that the estate may benefit by use of the property, and in order to subject the proceeds of sale to payment of expenses of funeral, last illness and administration, and of allowances, attorney's fees, etc.

What the administrators may urge or claim in the probate court has no bearing upon the question of its jurisdiction; nor is such question affected by the wider powers of that court over those of the district court in making sales. The judge and not the administrators will pass upon the orders of that court. The duties and obligations of fairness and impartiality to all parties litigant, and the presumption that those duties and obligations will be performed, apply alike to the official acts of the judges of each of these courts. The wider discretion vested in the probate judge is for a manifestly salutary purpose, and against abuse of that discretion ample protection is afforded in the right of appeal. Proceeds of the sale (until appellee's debt is satisfied) are not subject to the claims contended for by the administrators; and appellee's right in this regard cannot be prejudiced or impaired by sale through the probate court. The property is an asset of the estate and is in the custody of the probate court, whose jurisdiction to administer thereon is exclusive, excepting only where its powers adequately to protect the interests of all parties is wanting. Such inadequacy does not appear in the instant case, and the jurisdiction of the probate court should therefore not be infringed.

The motion is overruled.

Overruled.